UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LINDA C. CHASE, <br><br> Plaintiff, <br><br> v. <br><br> ST. JOE COMPANY/SJSA LLC, et al., <br><br> Defendants. | Case No. 2:24-CV-205-GSL-AZ |

# ORDER

Plaintiff Linda C. Chase, proceeding pro se, seeks leave to proceed in forma pauperis. [DE 2]. She alleges that St. Joe Company, a property management company in Panama City, Florida, failed to reasonably accommodate her disabilities. [DE 1]. For the following reasons, the Court denies Plaintiff's Motion to Proceed In Forma Pauperis and transfers the action to the United States District Court for the Northern District of Florida.

**A. The Filing Fee**

Pursuant to 28 U.S.C. § 1915, the Court "may authorize the commencement [of this case] without pre-payment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of [her] poverty [doing so would result in the inability] to provide [herself] and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (cleaned up). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line . . . ." 28 U.S.C. § 1930(f)(1), *see also* https://www.uscourts.gov

/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2024).[1] Though this is not a Bankruptcy case, the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished.").

Here, the Plaintiff's family/household of two receives $4,973 per month. The Plaintiff's annual income of $59,676 per year exceeds 150 percent of the Poverty Line which is $30,660 per year. *See* Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2062 (January 17, 2024). Moreover, the Plaintiff has not otherwise demonstrated paying the filing fee would result in an inability to provide for the necessities of life. In fact, after Plaintiff's Motion to Proceed In Forma Pauperis in another matter filed in this District was denied, she paid the filing fee. *See Chase v. Rebecca Fisher Law Firm, et al.*, Case No. 2:24-cv-00163 at [DE 4]. Plaintiff's Motion for Leave to Proceed In Forma Pauperis [DE 2] is denied.

**B. The Venue**

A civil action may be brought in a judicial district where (1) a defendant resides; (2) a substantial part of the events giving rise to the claim occurred, or a substantial part of the property involved is situated; or (3) any judicial district where a defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought. 28 U.S.C. § 1404(a).

Here, Plaintiff is suing a Florida-based property management company, its Alabama-based senior vice president, and a Florida-based property manager. [DE 1]. She is seeking $20,000,000 in damages for the property's failure to reasonably accommodate her disabilities

---

[1] The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902.

while she lived in Panama City, Florida. [*Id.*]. Though the requirements for diversity jurisdiction are met, Plaintiff brings the case pursuant to an alleged violation of federal law. [*Id.*]. So, because there are no Indiana defendants, Plaintiff is foreclosed from laying venue in the Northern District of Indiana under § 1391(b)(1). This District is also the improper venue under § 1391(b)(2) because, as outlined above, a substantial part of the events giving rise to the claim occurred in Florida. Plaintiff's Fair Housing Act complaint was even referred to the Florida Commission on Human Relations. [DE 1]. The Complaint also fails to establish personal jurisdiction over any of the Defendants under § 1391(b)(3). The Complaint does not allege any facts supporting a contact with this forum by any Defendant, nor are there any facts sufficient to establish general jurisdiction. Since the events giving rise to the claim took place in Panama City, Florida, the proper venue would be the United States District Court for the Northern District of Florida. Under 18 U.S.C. § 1404(a), the Court transfers this case to there.

## Conclusion

For these reasons, the Court **DENIES** the Plaintiff's Motion For Leave To Proceed In Forma Pauperis [DE 2] and **TRANSFERS** the case to the United States District Court for the Northern District of Florida, where Plaintiff shall pay the filing fee in accordance with a deadline to be set by that Court.

**SO ORDERED.**

ENTERED: July 22, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court