## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### Panama City Division

LINDA C. CHASE,

      Plaintiff,

v.                      Case No. 5:24-cv-157-RH-MJF

ST. JOE COMPANY, SJSA LLC,
CARMEN WORLEY and MARY
MATOS-WEATHERS,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants, The St. Joe Company, SJSA LLC, Carmen Worley, and Mary Matos-Weathers, by and through their undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and N.D. Fla. Loc. R. 7.1, file this Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law.  In support of this motion, Defendants state as follows:

## BACKGROUND

1.      In her complaint, Plaintiff alleges the failure to accommodate under the federal Fair Housing Act ("FHA") and the Florida Fair Housing Act ("FFHA").

2.      In September 2023, Plaintiff filed a Fair Housing Act complaint with the U.S. Department of Housing and Urban Development, which then transferred

the matter to the Florida Commission on Human Relations ("FCHR") for review under the Florida Fair Housing Act.

3.  On February 16, 2024, the FCHR issued its determination finding no violation of the FFHA, after which Plaintiff filed this action.

4.  Plaintiff initially filed this action in the U.S. District Court for the Northern District of Indiana.  This matter was transferred to the U.S. District Court for the Northern District of Florida on July 22, 2024.

5.  Pursuant to Rule 12(b)(6), Fed. R. Civ. P., a complaint can be dismissed where the Plaintiff fails to allege such facts that show an entitlement to the relief sought.

6.  Though Plaintiff is pursuing this action pro se and is entitled to some leniency, she must still comply with the rules of civil procedure.  *Butler-Stern v. Mammott,* 756 Fed. Appx. 901 (11th Cir. 2018); *GJR Investments, Inc. v. County of Escambia,* 132 F. 3d 359 (11th Cir. 1998).  As set out in more detail below, Plaintiff has failed to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

In considering and ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must limit its consideration to the well-pleaded allegations, documents appended to or referred to in the complaint and matters of which it can take judicial notice. *Day v. Taylor,* 400 F.3d 1272, 1276 (11th

Cir. 2005).  The court must also accept all factual allegations pled in the complaint as true and view the facts in a light more favorable to the Plaintiff.  *Erickson v. Pardus,* 127 S. Ct. 2197 (2007).

However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).  In order to survive a motion to dismiss, the complaint must contain such factual allegations that, when taken as true, allow the court to reasonably infer that Plaintiff has stated a plausible claim for relief. *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London Known As Syndicate PEM 4000,* 489 F. Supp. 1303, 1306 (M.D. Fla. 2020).

## ARGUMENT

The language of the FFHA is substantially identical to the language contained in the FHA.  Therefore, the same legal analysis applies.  *Cohen v. Monroe County,* 749 Fed. Appx. 855, 857 (11th Cir. 2018).  To state a claim for failure to accommodate under the FFHA, the Plaintiff must prove that (1) she has a disability as defined under the FHA, (2) she requested a reasonable accommodation, (3) the requested accommodation was necessary to afford her an opportunity to use and enjoy her dwelling, <u>and</u> (4) the defendant refused to make the requested accommodation.  The burden of proof is on the Plaintiff.  *Id.*  She must meet all four

requirements. *Sabal Condominium of Pine Island Ridge Association v. Fischer*, 6 F. Supp. 3d 1272 (S.D. Fla. 2014).

Here, Plaintiff was determined to be disabled by the Social Security Administration on October 25, 2021. ECF No. 1-1, 5. However, as set out more fully below, she cannot meet the remaining requirements to support a claim for a failure to accommodate under either the FHA or the FFHA.

**Plaintiff's first request for accommodation was neither reasonable nor necessary.**

Plaintiff submitted a rental application to Defendants in October 2022. As part of Defendants' process, a credit report is run on all potential renters. Based on the information in the credit report, Defendants may conditionally approve the application and require an additional deposit or other conditions. ECF No. 1-1, 12. Based on the information received on Plaintiff's credit report, Defendants requested that an additional deposit equal to one month's rent be paid. This is a requirement that is applied to all rental applicants. ECF No. 1-1, 11, 18. Plaintiff was given the option to pay the additional deposit or to vacate the apartment. ECF No. 1-1, 18.

Plaintiff offered a variety of reasons for the credit score she received. ECF No. 1, 5; ECF No. 1-1, 6. However, she does not deny her credit score but alleges that she should not have been required to pay the additional deposit amount because she was determined disabled by the Social Security Administration.

4

ECF No. 1-1, 6.  Plaintiff also alleges that not only was she not accommodated, she was also told that she would be evicted.  This allegation is not supported by the record.  ECF No. 1-1, 18.  Plaintiff was given the option to vacate the apartment if she decided she did not want to meet the conditional approval requirement by paying the additional deposit.  Plaintiff opted to pay the additional deposit.  ECF No. 1-1, 22-24.

The requested accommodation was neither reasonable nor necessary to afford her an opportunity to use and enjoy the apartment.  Therefore, Defendants' refusal to grant the request was not a violation of the FHA or the FFHA.  To determine if an accommodation is reasonable under the FHA, Congress incorporated the concept of reasonableness set out in the Rehabilitation Act.  For an accommodation to be reasonable, it cannot impose an undue financial burden on the Defendant or require a fundamental alteration in the nature of the program.  *Schwartz v. City of Treasure Island,* 544 F.3d 1201, 1220.  "[A] proposed accommodation amounts to a 'fundamental alteration' if it would eliminate an 'essential' aspect of the relevant activity."  *Schwartz,* 1220.  Granting the accommodation requested by Plaintiff would have required Defendants to substantially alter their rental application process.  ECF No. 1-1, 11.  Therefore, Plaintiff's requested accommodation was not reasonable.  Therefore, the requested accommodation does not meet requirement 2.

In addition, the accommodation requested cannot meet the third requirement in that it was not necessary to afford her an opportunity to use and enjoy the apartment.  To show a requested accommodation is necessary, Plaintiff must prove that it actually alleviates the effects of the disability.  *Schwartz,* 1226.  The FHA and the FFHA require only those accommodations that ameliorate the effects of the individual's disability to provide the disabled person with an equal opportunity to use and enjoy the facility be made.  "If the proposed accommodation provides no direct amelioration of a disability's effect, it cannot be said to be necessary." *Schwartz,* 1226, citing *Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of Twp of Scotch Plains,* 284 F.3d 442, 460 (3d Cir. 2002).  Neither the FHA nor the FFHA requires that the disabled individual receive an increased benefit as compared to that afforded non-disabled persons on matters not related to the individual's handicap. *Schwartz,* 1226.  Here, Plaintiff's requested accommodation is, in essence, an attempt to receive an increased benefit not available to non-disabled residents of the apartment complex simply because she has been determined to be disabled.  There is no evidence in the record to show that waiving the requirement that Plaintiff pay an additional deposit based on her credit rating provides a direct amelioration of her disabilities.  As such, Plaintiff cannot meet the necessity requirement under the FHA or the FFHA regarding the denial of this request.

**Plaintiff's second request for accommodation also fails to show a violation of the FHA or the FFHA.**

Plaintiff arguably made her second request for accommodation in January 2023, when she reported that the internet was not working in her apartment. ECF No. 1-1, 29.  Defendants responded immediately to Plaintiff' report of a problem and contacted the third-party internet carrier.  ECF No. 1-1, 29-31.  Ultimately, the carrier replaced Plaintiff's internet modem.  ECF No. 1, 7.  Though the third-party internet carrier replaced the modem, Plaintiff makes vague conclusory allegations and offers unsupported deductions that Defendants allegedly "bugged" her apartment and hacked her computer.

First, the important question is whether this request amounts to a request for accommodation at all.  This was simply an issue of an interruption of her internet service.  Even if arguably viewed as an accommodation request, when Plaintiff reported the issue, Defendants immediately responded and contacted the third-party service provider to have the issue resolved.  Therefore, this request was not refused.  Thus, Plaintiff cannot meet requirement 4.

In addition, even if treated as a request for accommodation, there is no evidence that the granting of the request was necessary to ameliorate the direct effects of Plaintiff's disability.  Therefore, requirement 3 cannot be met.  The record

does not support a violation of the FHA or the FFHA regarding Plaintiff's temporary loss of internet access.

Plaintiff's remaining allegations regarding this issue, implying that her apartment was somehow bugged and her computer hacked, amount to nothing more than conclusory allegations and unwarranted factual deductions and cannot form the basis to deny Defendants' motion to dismiss. *Davila v. Delta Air Lines, Inc*., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Likewise, Plaintiff's third request for accommodation fails to show a violation of the FHA or the FFHA.**

Plaintiff claims that as an accommodation, she requested that no one be allowed to enter her apartment when she or her husband were not home.  Plaintiff complained that a maintenance worker went into her apartment when she and her husband were out of town based on the video sent from her Ring doorbell camera. ECF No. 1-1, 51-52.  Under the law, Defendants have the right to enter a tenant's apartment to conduct repairs and for other purposes upon providing notice to the tenant.  Plaintiff claims that she did not see a notice on her door when she returned home from out of town.  ECF No. 1-1, 51-52.  However, the maintenance work occurred when she was out of town.  There would have been no reason to keep the notice on the door once the work was concluded.

With this request, Plaintiff again asks for a fundamental change in Defendants' normal practice and procedures.   Moreover, she provides no evidence that this alleged requested accommodation is required to ameliorate a condition of her disability.   "If the proposed accommodation provides no direct amelioration of a disability's effect, it cannot be said to be necessary."  *Schwartz,* 1226, citing *Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of Twp of Scotch Plains,* 284 F.3d 442, 460 (3d Cir. 2002).  Thus, this request fails to meet requirements 2 and 3, and cannot form the basis to support a claim for violation of the FHA or the FFHA.

## CONCLUSION

Based on the foregoing arguments and citations to authority, Plaintiff cannot state a claim under the Fair Housing Act against any of the named Defendants.  As such, Plaintiff's complaint should be dismissed.

Wherefore, Defendants respectfully request that this honorable Court dismiss Plaintiff's claim in totality and with prejudice.

/s/ Deborah S. Minnis
Deborah S. Minnis
Florida Bar No. 466778
IAN C. WHITE
Florida Bar No.: 498051
AUSLEY MCMULLEN
123 South Calhoun Street
Post Office Box 391 (32302)
Tallahassee, Florida 32301
Telephone: (850) 224-9115
Facsimile:  (850) 222-7560
dminnis@ausley.com

9

mwallace@ausley.com
iwhite@ausley.com
nnelson@ausley.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed electronically with the

Court through the CM/ECF portal, and a true and correct copy has been served by

U.S. Mail this 12th day of November 2024, to:

Linda C. Chase
4800 N. Star Avenue, #A1206
Panama City, FL 32404
*Pro Se Plaintiff*

*/s/ Deborah S. Minnis*
Deborah S. Minnis