# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF FLORIDA

## Panama City Division

LINDA C. CHASE,

    Plaintiff

v.                                                    Civil Action No. 5:24-cv-00157-RH-MJF

St. Joe Company, SJSA LLC, et al

    Defendant                                   December 9, 2024

## **MOTION FOR SUMMARY JUDGMENT**

Comes now the Plaintiff, Linda C. Chase, pro se litigant, submitting a motion requesting a Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedures, and I will respectfully provide evidence/material facts as to why a Summary Judgment should be granted. Along with this Motion for Summary Judgment, I am submitting exhibits 1, a total of twenty-seven (27) pages & exhibit 2, a total of eighteen (19) [handwritten correction over 18] pages.

In my response opposing Defendants' Motion to Dismiss, three (3) exhibits, A, B, & C were provided. My response opposing the Defendants' Motion to Dismiss was mailed via Priority Mail (label 9505 5125 7572 4332 8612 06) to the Northern District of Florida Court and to the defendants via first class mail. According to the priority tracking and the USPS receipt, both mailings were received **December 2, 2024.** Please see exhibit 2, pages 1-3 for proof of mailing, and pages 4-10 are some of my credentials/awards covering my 23 years of

FILED USDC FLND PN
DEC 9 '24 AM11:05

credible service as not only a city letter carrier but also as supervisor, and a now retired Manager of Customer services. Page 11 is proof that I receive a pension for my 23 years of credible service with the United States Postal Service. Pages 12 *+12(a)* is proof that I filed a *+ was APPROVED* workers' compensation claim for being hazed to take the fall for delayed/discarded after Hurricane Michael. Page 13 is proof that the delayed/discarded mail is attached to my name. Pages 14-17 are a few statements written by employees who testify of my integrity/character and how I was set up to take the fall for the delayed/discarded mail. If I threw away amount of mail referenced in the Freedom of Information Act (FOIA) response dated April 3, 2019, "Report/Investigation or OIG Audit Report concerning delayed/discarded mail for all zip codes in the Panama City Installations as a result of Hurricane Michael", I would NOT be receiving a pension for my 23 years of credible service at USPS.

Please refer to exhibit B, a total of ten (10) pages of my response to Defendants' Motion to Dismiss, a copy FHEO/HUD Complaint and Investigation Process. Page 1, under the heading "Overview of FHEO's Complaint and Investigation Process", it states, "Generally, FHEO will either investigate the complaint or refer to another agency to investigate. Throughout the investigation, FHEO will make efforts to help the parties reach an agreement. If the complaint cannot be resolved voluntarily by an agreement, FHEO may issue findings…. I have included exhibit 1, email communication from me to investigation04@hud.gov & other, with this Motion for Summary Judgment as prove that FHEO/HUD's process was not followed.

Exhibit 1, pgs. 1-2, are emails beginning January 9, 2024, wherein I called FCHR investigator, Lisa Sutherland to ascertain the name of the HUD investigator to whom she submitted my complaint. Since Ms. Sutherland refused to cooperate, on January 12, 2024, I emailed investigation04@hud.gov. Investigation04@hud.gov replied, "Your correspondence has been forwarded to the assigned investigator, Equal Opportunity Specialist (EOS) Angie Lewis, email address Angie.M.Lewis@hud.gov. From this point forward, please email the above-reference investigator directly for any questions relating to the investigation or **conciliation** of this complaint. Please see exhibit 1, pages 3-5. On December 4, 2024, (two days after receipt of my Response Opposing the Defendants' Motion to Dismiss), I received an email from HUD Investigator Angie M. Lewis, asking me to contact her concerning the complaint noted in the subject line, Linda Chase v. SJSC, et al 04-23-5520-8/4 which is now civil complaint 5:24-cv-00157-RH-MJF. Please see page 4 for my email response dated December 5, 2024. I replied, "There is no need for us to talk. Prior to FCHR denying my complaint, FCHR case 202446028/HUD 04/23/5520-8, I emailed you several times...." Page 5 is Ms. Lewis's Automatic-Reply. Please see exhibit 1, pgs. 6-13. On January 16, 2024, I forwarded two emails to HUD Investigator Angie M. Lewis (her email address is circled) and provided her information concerning my complaint against SJSC, The St. Joe Company, HUD case 04-23-5520-8/4. Please refer to the bottom of each page labeled 1/5, 2/5, 3/5, etc. My first email was forwarded on January 16, 2024, at 6:46 AM, exhibit 1, pages 11-13, and the second forwarded email was sent at 6:58 AM, exhibit 1, pgs. 6-10. Please see exhibit 1, pages 14-19, more emails which included HUD Investigator Angie M. Lewis. Page 14, the email dated March 18, 2024, had FCHR's Notice of

Determination and the Petition for Relief attached. In this email, I addressed FHEO's process and asked for a copy of HUD Investigator Angie M. Lewis' conclusions & findings. My email response date December 5, 2024, was based upon the emails sent prior to HUD Investigator Angie M. Lewis' email date December 4, 2024, roughly 11 months after the email dated January 12, 2024, from investigation04@hud.gov that stated HUD Investigator Angie M. Lewis was assigned my complaint, that I wrote, "There is no need for us to talk."

The material facts for this complaint are listed below:

1. On July 24, 2023, Fair Housing Complaint was filed with HUD/FHEO against the defendants alleging discrimination on the grounds of disability when I was refused to be reasonably accommodated in rules, policies, etc. The complaint was assigned HUD Case 04-23-5520-8.

2. HUD/FHEO assigned the complaint to Florida Commission on Human Relations (FCHR). The complaint was assigned to Lisa Sutherland with the FCHR Case # 202426029.

3. My complaint was denied alleging the Medical Release Authorization Form was not signed and/or returned by my psychiatrist, Dr. Nitin Thapar; therefore, FCHR mailed me a Petion for Relief, exhibit 1, page 14, email dated March 18, 2024, but I refused to submit the Petion for Relief due to the fact that FCHR denied my Fair Housing Complaint based on State Statute 760.23. Title VIII/Fair Housing of the Civil Right of 1968 is a Federal Law. Federal laws supersede state statutes.

4. Please refer to my Opposition to Dismiss, dated November 27, 2024, exhibit C, pgs. 1-3. On October 24, 2023, the Authorization to Release Medical Information was

properly completed, signed, and emailed, as instructed, to investigation04@hud.gov. On October 25, 2023, investigation04@hud.gov responded, stating that the Authorization was forwarded to Lisa Sutherland.

5. On June 14, 2024, a Civil Complaint was filed in the Northern District of Indiana and assigned case 2:24-cv-205. See Initial Complaint stamped June 14, 2024, pages 1-9.

6. On or around July 22, 2024, civil complaint 2:24;cv-205 was transferred to the Northern District of Florida and assigned case number 5:24-cv-00157-RH-MJW, and summons were mailed to plaintiff. The summons was received on or around September 12, 2024, and a second summons was issued October 9, 2024, for Carmen Worley, 2163 Windham Drive, Molino, FL 32577.

7. Summons were issued and served to all defendants. Carmen Worley was the last defendant served not only by the Escambia County Sherriff's office on October 7, 2024, but also via U S certified mail on October 17, 2024, with a return receipt (green card) attached. See Opposition to Motion to Dismiss, exhibit C, pages 8-9.

8. On November 14, 2024, proof of service of the summons dated October 9, 2024, served on Ms. Worley, was received by the NDFL on November 14, 2024, and signed by NDFL employee A'Donna Bridges. See Opposition to Motion to Dismiss, exhibit C, page 10.

9. On October 11, 2022, the Statement of Rental Policy was signed by Lawrence & Linda Chase and a $100 application fee was paid (Initial Complaint p. 25, Single Entry Debit Authorization) to North Bay Landing. Lawrence signed the form, but

there was no dollar amount entered on the form because Mary said she would complete that section. Please read my hand-written note on the transaction, and please see page 15 of 52 of the initial complaint, an email dated 11/02/2022. The last paragraph reads, "Additionally, I want all three copies of the authorizations (initial complaint pages 25, 26, & 28 of 52) signed by my husband and me... Please see the Initial complaint file June 14, 2024, p. 12 of 52 for the Statement of Rental Agreement. #'s 4 & 6 addresses Credit Reporting and Security Deposit of $250, respectively. Item # 4 Credit Reporting specifically states, "Credit will be judged on a scoring system by Realpage, Inc.

10. On October 13, 2022, Mary Matos-Weathers left me a message during which time she said you can call me back if you want. Initial complaint page 19 of 52. Mary neither mentioned anything about an additional deposit needed as a result of our credit nor that Leasing Desk pulled our credit. Please see initial complaint pgs. 13-14 of 52. Additionally, the Statement of Rental Policy list Realpage, Inc being used for credit reporting purposes, and since Mary's voice message gave me the choice of calling, I decided to go into the office to pay the $250 deposit.

11. On October 17, 2022, we went into the office, and I specifically said to Mary Matos-Weathers, I am here to pay the $250 deposit. Mary said nothing about the additional deposit of $1240. Please see initial complaint pgs. 26 & 28 and read my hand-written notes. On or around October 19, I realized Mary charge my credit card $1490, and we went into the office to inquire why. We were advised by Mary Matos-Weathers to email manager@northbaylandingsapartments.com explaining why we

wanted to be refunded the additional deposit of $1240. See initial complaint p. 6-10 of 52, my reasonable accommodation request. Page 9 shows my credit score was 667 with Experian.

12. Please see my initial complaint, pgs. 11-14. Mary Matos-Weathers email dated October 26, 2022, stating that she can't deviate from the POLICY. Please see initial complaint, exhibit A, pgs. 1-5 of 52, The Joint Statement of HUD & DOJ/Reasonable Accommodation Under the Fair Housing Act & SSA decision to award me Social Security Disability Insurance which was provided to Mary Matos-Weathers as a source of income. The Statement of Rental Policy, item 2, last sentence states that income must be 5 times the monthly rent (5times $1490 = $7490). My income consists of SSDI and a pension from the US Postal Service. The Rental Policy #10 addresses the Fair Housing Act, and HUD& DOJ's Joint Statement, p. 2 of 52, Q 1 specifically addresses reasonable accommodation in rules, **POLICIES,** practices, etc. All of this as well as the Fair Credit Reporting Act/Americans with Disabilities Act was addressed in my reasonable accommodation email dated October 26, 2022, initial complaint page 6 of 52. Additionally, in my Opposition to Dismiss, exhibit A was the 15-page Joint Statement between HUD & DOJ, and page 10 of 15, Q 12 of the Joint Statement addresses oral/written requests for reasonable accommodations. Mine was a written request for reasonable accommodation sent via email on 10/26/2022.

13. Mary Matos-Weathers alleged that Leasing Desk pulled my report on 10/11/2022 from Equifax, and my score was 661. Initial complaint pgs. 13-14 of 52. Additionally,

North Bay Landing violated their own Statement of Rental Policy, (Initial complaint, p. 12 of 52), when Realpage, Inc. didn't pull my credit report.

14. By way of email dated 11/02/2022, I provided Mary Matos-Weathers provided a copy of my Equifax report for 2022. There was no inquiry by Equifax. Initial complaint pgs. 15-17 of 52. I accessed my Equifax report again in 2023, (initial complaint p. 27 of 52, and again, there's no inquiry by Leasing Desk. I also informed Mary Matos-Weathers that I would be disputing the unauthorized charge of $1490, and I wanted to know who reported negatively against me.

15. After emailing the St. Joe Company at Contact@StJoe.com, Carmen Worley reached out to me via email. Please see pages 18-22 of 52 of the initial complaint filed June 14, 2024. Ms. Worley alleged that Mary is doing exactly what she's trained to do, and she insulted me when she wrote in the last paragraph, second sentence, "If you are still not happy..., you may vacate the apartment and leave it in clean and satisfactory condition." Ms. Worley insulted me again in her email, p. 20 of 52by saying that my previous landlord gave me a "satisfactory rental reference, p. 21of 52.

16. Please see my initial complaint, pgs. 22-24 of 52, emails that I perceived as threat if I didn't resolve the charge back. I provided proof that the charge back was reversed to avoid being evicted.

17. I emailed Mary Matos-Weathers again on January 23, 2023, concerning my internet service, and once again, asked to be reasonably accommodated in the form of a refund. Please see initial complaint pgs. 29-37. Since all tenants pay $65/ month for internet, on February1. 2023, I asked Mary, via email, "Is the entire complex

experiencing connectivity issues? On February 2, 2023, Mary reply, "To my knowledge, we aren't having any other issues, if it's not your ring camera maybe Mediacom needs to replace your modem?" See initial complaint page 30 of 52. I knew it wasn't our ring camera. On March 1, 2023, Mediacom replaced our modem, and God told me to take a picture of the bottom of the modem, p. 32 of 52. I then looked up some of the words on the modem, p. 33-37 of 52. That's when I learned that our modem was wired. Please see p. 38 of 52, the modem for unit 10206. I wrote that I belong to a women's prayer group, and one of the women in the prayer group attends the same church that I attend, and her daughter lives at North Bay Landing. Her daughter took a picture of her modem. The modems are basically the same, but hers have a user id & password, but mine is PSK, Pre-Shared Key. Please see pgs. 39-41 of 52 which explain PSK. Basically, someone was sharing our wi-fi/internet and had access to ALL electronics that required wi-fi/internet connection, such as ring scanners, laptops, computer workstations, cell phones, etc. Please note, most of these pages are stamped November 1, 2023, with FCHR's indicia, and if you look at exhibit 1, pgs. 15-18, the email I sent to HUD Investigator Angie M. Lewis, you will see not only pictures of the modems but also proof that my internet/wi-fi is publicly shared. Please see page 42 of 52. The writing is a little blurred, but it reads, "Network hacked by Koobface." This is an invasion of privacy which is against the law.

18. After I took the picture of the modem that was removed on 03/01/2023, I emailed Mary Matos-Weathers on April 13, 2023, with another reasonably accommodation,

"We don't want anyone in our apartment while we are absent, thank you." Mary confirmed. Please see pgs. 43-44 of 52 of my initial complaint.

19. Please see pgs. 45-52 of my initial complaint and exhibit 1, p. 12(d), an email dated August 11, 2023. Around May 24, 2023, our ring scanner revealed that North Bay Landing maintenance worker Dallas entered our apartment after Mary Matos-Weathers agreed on 04/13/2023, that no one would enter our unit when we were absent. This is the third time my reasonably accommodation request was violated. In the email dated August 11, 2023, I addressed the fact that after Dallas entered our unit on 05/24/2023, that our ring scanner revealed Pest Control came into our apartment in July when we were absent. I noted in the email that the Pest Control worker at least knocked on our door, but Dallas just walked in as if it were common practice.

Based upon the evidence submitted with my initial complaint dated June 14, 2024, the evidence submitted with my response/opposition to defendants' Motion to Dismiss, and the evidence submitted with this Motion for Summary Judgment, I pray that the court please remember to grant me leniency as I am pro se litigants and that the court considers the fact that I am an American with a disability and as such, I am covered/protected by the Americans with Disability Act of 1990; therefore, I pray that the court reasonably accommodate me in rules, policies, practices, etc. I also pray that the court apply the Preponderant of Evidence Law when deciding to rule in my favor by granting my Motion for Summary Judgment in this civil complaint and approve the relief request on page 9 of 9 of my initial complaint dated June 14, 2024: RELIEF – If you win this case, what do you want

the court to order the defendants to do? I am requesting the defendants to reveal my credit rating obtained by Realpage, (reveal) who provided the Equifax report that said my deposit should increase by $1,240, and a monetary settlement in the amount of $20,000,000. Please see exhibit 1, p. 11(c), under the heading "Settlement". The "Settlement is basically the same as the RELIEF request.

Humbly Submitted,

*Linda C. Chase*

Linda C, Chase

4800 N. Star Avenue

Panama City, FL 32404

219-201-6722

Lindachase58@gmail.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
__PANAMA CITY DIVISION__ DIVISION

CASE NO: 5-24-CV-00157-RH-MJF

## CERTIFICATE OF SERVICE

I, __LINDA C. CHASE__, do hereby CERTIFY that a true and correct copy of the foregoing has been furnished by __email__ (manner of service; i.e., U.S. Mail, (electronic mail), etc.) on this __9th__ day of __DECEMBER__, 20__24__, to:

AUSLEY McMULLEN
lwhite@ausley.com
nnelson@ausley.com
dminnis@ausley.com
mwallace@ausley.com

AUSLEY McMULLEN
P.O. BOX 391
TALLAHASSEE FL
32302

__12/09/2024__
(Date)

__Linda C. Chase__
Signature